**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30164 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00262-RSL |
| v. | |
| LEONEL MARIN-TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted September 1, 2011
Seattle, Washington

Before: HAWKINS, BEA, and MURGUIA, Circuit Judges,

Defendant-Appellant Leonel Marin-Torres ("Marin-Torres") was convicted

of three counts: possession with intent to distribute crack cocaine in violation of 21

U.S.C. § 841 (a)(1) and (b)(1)(B)(iii), carrying a firearm during and in relation to a

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Marin-Torres appeals the district court's denial of his motion to suppress and the court's decision to admit evidence of prior bad acts.

We affirm the district court's ruling on the motion to suppress. Denials of motions to suppress are reviewed *de novo*. *United States v. Meek*, 366 F.3d 705, 711 (9th Cir. 2004). The two 911 calls placed by Glennice Arvin in this case had as many, if not more, indicia of reliability as the 911 call in *United States v. Terry-Crespo*, 356 F.3d 1170 (9th Cir. 2004). Additionally, the officers had reasonable and articulable suspicion that criminal activity may have been afoot and that Marin-Torres posed a safety threat when they stopped and frisked him. The totality of circumstances gave the police reasonable and articulable suspicion that Marin-Torres was an armed drug dealer who posed a threat to them and others.

Marin-Torres also argues that the district court erred in admitting evidence under Rule 404(b) and Rule 403 of the Federal Rules of Evidence, that he had previously distributed drugs in exchange for sex and that he had used his gun to threaten a woman in connection with such a transaction. Such rulings are ordinarily reviewed for abuse of discretion. *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000). Separately, Marin-Torres also argues that the district court applied the wrong standard because, at the time of the motion for mistrial, the court

2

referenced the relevance of the evidence rather than its probative value as required under Rule 403.

The prior bad act evidence at issue was probative and admissible on the issue of Marin-Torres's intent, knowledge and motive in possessing the drugs and the firearm. *See United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982). Moreover, we need not decide whether the district court committed error in either admitting the prior bad evidence in question or in weighing the Rule 403 factors because the record clearly indicates that any potential error by the district court was harmless. *United States v.Vizcarra-Martinez*, 66 F.3d 1006, 1016-17 (9th Cir. 1995). Given the overwhelming amount of evidence against Marin-Torres presented at trial and the insufficiency of his defense, the evidence to which he objects did not impact the jury's verdict.

The district court's denial of the appellant's motion to suppress and decision to admit the prior bad act evidence are, therefore, AFFIRMED.